IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-04-CR-0048-N |
| | § | NO. 3-08-CV-0420-N |
| CHRIS RICHARD DREW | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Chris Richard Drew, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to 12 counts of bank robbery in violation of 18 U.S.C. § 2113(a) & (d) and two counts of using, carrying, and brandishing a firearm during or in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Punishment was assessed at 135 months on the bank robbery counts, followed by consecutive sentences of 84 months and 300 months, respectively, on the two gun counts, for a total of 519 months confinement. His convictions and sentences were affirmed on direct appeal. *United States v. Drew*, 202 Fed.Appx. 49, 2006 WL 2861669 (5th Cir. Oct. 5, 2006), *cert. denied*, 127 S.Ct. 1318 (2007). Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.

II.

In three grounds, defendant contends that: (1) the imposition of a consecutive 300-month sentence on the second gun count violates Amendment 599 to the sentencing guidelines; (2) the

indictment did not allege sufficient facts to justify the imposition of a consecutive 300-month sentence; and (3) he received ineffective assistance of counsel.[1]

A.

The court summarily rejects defendant's claims involving the application of Amendment 599 and the sufficiency of the indictment. Post-conviction relief under section 2255 is generally limited to constitutional issues which could not have been raised on direct appeal and would, if ignored, result in a complete miscarriage of justice. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991), *cert. denied*, 112 S.Ct. 978 (1992) ("[A] collateral challenge may not do service for an appeal."). In order to raise an issue for the first time on collateral review, a defendant must show "cause" for his procedural default and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). A defendant must satisfy this cause and prejudice test even if he alleges fundamental constitutional error. *Murray v. Carrier*, 477 U.S. 478, 493-95, 106 S.Ct. 2639, 2648-49, 91 L.Ed.2d 397 (1986). The only recognized exception to this rule is in "extraordinary cases" where "a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Shaid*, 937 F.2d at 232, quoting *Murray*, 106 S.Ct. at 2649.

Here, defendant could have appealed his consecutive 300-month sentence on the second gun count, but failed to do so. Defendant does not allege, much less prove, "cause" for his procedural default. To the extent defendant argues that the district court misapplied Amendment 599 to the sentencing guidelines, that claim is not cognizable on collateral review. *See United States v.*

---

[1] The government previously filed a motion and an amended motion to dismiss this case on limitations grounds. (*See* Docs. #10, 19). The court need not decide this procedural issue as defendant is not entitled to post-conviction relief in any event. *See Mack v. Quarterman*, No. 3-06-CV-0903-L, 2007 WL 241373 at *2 n.1 (N.D. Tex. Jan. 26, 2007), *COA denied*, No. 07-10285 (5th Cir. Feb. 19, 2008) (declining to address affirmative defense of limitations where habeas petitioner was not entitled to relief on the merits).

*Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (defendant may not challenge misapplication of sentencing guidelines in section 2255 motion). These grounds for relief should be overruled.

B.

Defendant also criticizes his attorney for failing to object that the consecutive 300-month sentence violated Amendment 599 to the sentencing guidelines. Amendment 599 altered the commentary to U.S.S.G. § 2K2.4 to clarify that, when a defendant is being sentenced both for a firearms-related offense in violation of 18 U.S.C. § 924(c), and for offenses underlying the section 924(c) violation, the sentencing court is precluded from applying a weapons enhancement under the guideline for the underlying offense. *See United States v. Juma*, No. 08-11234, 2008 WL 4078751 at *2 (11th Cir. Sept. 4, 2008), *citing* U.S.S.G. App. C, amend. 599. In this case, the district court did not apply a weapons enhancement in sentencing defendant on the bank robbery counts. Nor did the court rely on the guidelines in sentencing defendant on the second gun count. Instead, the consecutive 300-month sentence imposed by the court was mandated by 18 U.S.C. § 924(c)(1), which provides, in pertinent part:

> (C)  In the case of a second or subsequent conviction under this subsection, the person shall--
>
> (i)  be sentenced to a term of imprisonment of not less than 25 years[.]
>
> * * * *
>
> (D)  Notwithstanding any other provision of law--
>
> (i)  a court shall not place on probation any person convicted of a violation of this subsection; and
>
> (ii)  no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of

> imprisonment for the crime of violence ... during which the
> firearm was used, carried, or possessed.

18 U.S.C. § 924(c)(1)(C)(i) & (D). Because the court did not apply a weapons enhancement in sentencing defendant on the bank robbery counts, and imposed a statutorily mandated consecutive 300-month sentence for the second gun conviction, it would have been futile for counsel to object on the basis of Amendment 599. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997), *cert. denied*, 119 S.Ct. 418 (1998) (failure to make a frivolous objection cannot be grounds for a finding of ineffective assistance of counsel).

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 13, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE